1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7
_____ )
8  OMELYAN STREMBITSKYY, individually )
and on behalf of all those similarly situated, )        No. C16-0691RSL
9                                             )
Plaintiff,        )
10   v.                                          )
)        ORDER REMANDING CASE TO
11  AMERICAN FAMILY MUTUAL            )        STATE COURT
INSURANCE COMPANY,                 )
12                                             )
Defendant.       )
13 _____ )

14        This matter comes before the Court on "Plaintiff's Motion to Remand and Memorandum

15 in Support Thereof." Dkt. # 10. Defendant removed this case from state court under the Class

16 Action Fairness Act and 28 U.S.C. § 1332(a)(1). Although the complaint does not specify the

17 amount of damages sought, defendant argues that the jurisdictional minimums are satisfied under

18 various theories based predominantly on the affidavit of Matt Wheeler, a Claims Data and

19 Reporting Manager for defendant. Having reviewed the memoranda, declarations, and exhibits

20 submitted by the parties,[1] the Court finds as follows:

21 **A. JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT, 28 U.S.C. § 1332(d)(2)(A)**

22        Congress enacted the Class Action Fairness Act ("CAFA") "to facilitate adjudication of

23 certain class actions in federal court" Dart Cherokee Basin Operating Co., LLC v. Owens, __

24

25        [1] This matter can be decided on the papers. Defendant's request for oral argument is therefore
26 DENIED.

ORDER REMANDING CASE

1   U.S. __, 135 S. Ct. 547, 544 (2014). The provisions of CAFA are to be construed broadly, "with

2   a strong preference that interstate class actions should be heard in a federal court if properly

3   removed by any defendant." S. Rep. No. 109-14, p. 43 (2005). Removal is proper, however, only

4   when "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest

5   and costs" and the parties are minimally diverse as described in 28 U.S.C. § 1332(d)(2). Now

6   that plaintiff has challenged defendant's allegations regarding the amount in controversy,

7   defendant must come forward with evidence from which the Court can find, by a preponderance

8   of the evidence, that more than $5,000,000 is at stake in this litigation. Dart Cherokee Basin, 135

9   S. Ct. at 554 (citing 28 U.S.C. § 1446(c)(2)(B)).

10        The only evidence regarding the amount in controversy is an affidavit from one of

11   defendant's employees. Unfortunately, it is impossible to determine what information and

12   statements contained in the affidavit are based on Mr. Wheeler's personal knowledge and what

13   constitutes inadmissible hearsay. Mr. Wheeler states that the affidavit is based on his "own

14   personal knowledge and/or information provided . . . by other employees of American Family

15   Mutual Insurance Company ("AFMIC")" on whom he reasonably relied. Dkt. # 13 at ¶ 1. The

16   affidavit and attached exhibit were not created or kept in the course of defendant's regularly

17   conducted business and do not appear to fall within any exception to the hearsay rule. While the

18   form of the evidence may be subject to remedy, the documents themselves give reason to doubt

19   the completeness, accuracy, and/or relevance of the information gathered by Mr. Wheeler and

20   presented in Exhibit A, Dkt. # 13-1. The following defects are obvious from the record, could

21   reasonably be expected to have a measurable impact on Mr. Wheeler's conclusions, and make

22   his analysis unreliable:

23        ● Mr. Wheeler gathered data regarding policyholders in the State of Washington who

24   submitted a claim for collision coverage, rather than focusing on collision claims that were

25   actually paid, as specified in the class definition. Dkt. # 13 at ¶ 4.

26        ● Mr. Wheeler included in his calculations deductibles paid by policyholders who then

ORDER REMANDING CASE         -2-

recovered some portion of their losses from a third party. Dkt. # 13 at ¶ 4. The class definition encompasses only those situations in which AFMIC obtained the third-party recovery.

● Mr. Wheeler provides no information regarding the nature of the records contained in AFMIC's electronic databases or the specific search terms and parameters used to generate the list of policyholders who fall within the class. His initial records search "suggests" that 6,725 policyholders fall within the class, but plaintiff's claim was not identified as one of them. Dkt. # 13 at ¶ 17. Although not explicitly stated, it appears that the initial search did not include Washington policyholders who submitted claims for car accidents involving other AFMIC policyholders. Mr. Wheeler assures us that there are 35 such policyholders who meet the other class parameters, but his estimate of the number of class members remains unchanged. Dkt. # 13 at ¶¶ 16, 18-19.

● Mr. Wheeler opted to base his calculations regarding the amount in controversy on a random sample of 100 files (out of the 6,725 identified in the records search). Despite the relatively small number of files, he chose not to review them to determine the amount of the deductible actually paid by each policyholder. Dkt. # 13 at ¶ 9. Rather, he assumed that each of the 6,725 policyholders paid the standard policy deductible amounts of $400 or $500, arriving at a payment range of $2,659,200-$3,324,000. Dkt. # 13 at ¶ 11.[2] The data attached to his affidavit shows, however, that of the 100 files that were randomly selected for review, 40% of the policies did not involve deductibles within the presumed range: 24 files had no indication that a deductible was paid, 3 policies required a deductible of $100, 1 required $200, 5 required $250, and 7 policies had deductibles of $1000.

● Within the 100-file sample, almost a quarter of the files identified in the records search (23%) did not involve payment made by AFMIC under the collision coverage and a third-party

---

[2] Interestingly, this is the range defendant relied upon it its Notice of Removal when it estimated that there were 6,648 class members. Mr. Wheeler's math is incorrect.

ORDER REMANDING CASE                                    -3-

1   recovery. There is no reason to presume that that error rate is confined to the sample.

2       Defendant has failed to come forward with admissible evidence to support its assertion of

3   federal jurisdiction under CAFA. Even if the Court were to overlook the inadmissible nature of

4   Mr. Wheeler's affidavit and correct only the most egregious and concrete errors identified

5   above, the preponderance of the evidence shows that the amount in controversy is less than

6   $5,000,000. Assuming the numbers provided in Exhibit A have some basis in fact, 77 class

7   members paid $14,580.60 in unreimbursed deductibles, or $189.36 each.[3] Reducing Mr.

8   Wheeler's initial estimate of the class size by the 23% error rate found in the sample results in a

9   calculation of class damages of less than $1 million (5,179 policyholders x $189.36 in

10  unreimbursed deductibles =$980,695.44).[4] Using defendant's methodology (Dkt. # 12 at 12 n.7),

11  plaintiff's treble damage claim under the Washington Consumer Protection Act applies to two-

12  thirds of the estimated class damages to account for that claim's shorter limitations period. Thus,

13  $647,259 of the unreimbursed deductibles are eligible for trebling, bringing the total damages to

14  $2,275,213.44. Assuming, as defendant does, that plaintiff will ultimately be entitled to payment

15  of 33% of the common fund as attorney's fees, another $750,820.44 is added to the recovery.[5]

16

17      [3] Defendant's conjecture that plaintiff may be seeking to recover (a) any and all monies AFMIC
    recovered through subrogation or (b) any and all deductibles paid to AFMIC is not based on the
18  language of the complaint, plaintiff's individual facts, the legal claims asserted, or plaintiff's stated
    theory of the case.
19

20      [4] In the alternative, and more accurately, one could acknowledge that of the 100 randomly-
    selected files, only 35 of them involved policyholders who actually fall within the class definition (i.e.,
21  they paid a deductible that was not fully reimbursed when AFMIC obtained recovery from a third
    party). Thus, the amount of damages per class member increases to $416.59 ($14,580.60 in
22  unreimbursed deductibles ÷ 35 policyholders), but the number of class members drops to 2,354 (35% of
    6,725). Estimated classwide damages remain virtually unchanged, however.
23

24      [5] The Court declines defendant's invitation to include in the amount in controversy costs
    defendant may incur if it ultimately changes its conduct based on the Court's interpretation of the terms
25  of its policies and/or governing law. Such expenses – or the loss of a profitable but unlawful income
    stream – are not at stake in this litigation. Plaintiff seeks to recover unreimbursed deductibles, statutory
26  damages, and attorney's fees related to past wrongs. The sum of those amounts is in controversy.

ORDER REMANDING CASE                    -4-

1    Thus, even defendant's inadmissible evidence leads to the conclusion that the amount in

2    controversy is well below $5,000,000.

3    **B. DIVERSITY JURISDICTION UNDER  28 U.S.C. § 1332(a)(1)**

4            The general removal statute, 28 U.S.C. § 1441, is construed restrictively: any doubts

5    regarding the removability of a case will be resolved in favor of remanding the matter to state

6    court. See, e.g., Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); Durham v.

7    Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006). Defendant has the burden of

8    proving by a preponderance of the evidence that removal is appropriate under the statute. Where

9    the complaint does not specify the amount of damages sought, the Court will consider the

10   allegations of the complaint, facts in the removal petition, and supporting summary judgment-

11   type evidence relevant to the amount in controversy. Lowdermilk v. U.S. Bank Nat'l Ass'n, 479

12   F.3d 994, 1004 (9th Cir. 2007).

13           As discussed above, defendant's evidence is inadmissible, and it has failed to meet its

14   burden of establishing federal jurisdiction. If the evidence is nonetheless considered, defendant

15   does not seriously dispute that plaintiff's individual damages consist of an unreimbursed

16   deductible of $40. Assuming plaintiff receives treble damages and is apportioned his share of the

17   attorney's fees (a 1/2,354 share) – and even his share of the speculative costs AFMIC might

18   incur in response to an adverse ruling in this matter – the amount at issue is below $2,000. The

19   ────────────────

20   Plaintiff has not requested injunctive relief or any specific change in defendant's practices going
     forward. If a declaration of legal rights and obligations compels AFMIC to make such a change in the

21   future, its decision would be driven by a desire to avoid future liabilities to future litigants. The Court
     finds that such costs are not part of this controversy.

22           Even if the Court were inclined to guess how many times AFMIC would feel "compelled" to
     fully reimburse policyholders in the future and had a principled method for determining the period of

23   time over which AFMIC's "costs" should be tallied, the amounts would still not reach the $5,000,000
     mark. Taking defendant's suggestion that a six year period is appropriate, the class' estimated losses for

24   the six years preceding the filing of this lawsuit would presumably approximate AFMIC's lost income
     stream going forward. Thus, we would add another $980,695.44 to the $3,026,033.88 calculated in the

25   text, for a total of $4,006,729.32.

26

ORDER REMANDING CASE                         -5-

jurisdictional threshold amount of $75,000 is not met.

For all of the foregoing reasons, plaintiff's motion for remand (Dkt. # 10) is GRANTED. The Clerk of Court is directed to remand this matter to the King County Superior Court.

Dated this 8th day of July, 2016.

Robert S. Lasnik
United States District Judge

ORDER REMANDING CASE                    -6-